ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Joe Phillips )  ASBCA No. 57280
)
Under Contract No. DAKF10-01-D-0015 )

APPEARANCES FOR THE APPELLANT:    G. Scott Walters, Esq.
                                   Thrasher Liss & Smith, LLC
                                   Atlanta, GA

                                   Thomas J. Kelleher, Jr., Esq.
                                   Garrett E. Miller, Esq.
                                   Smith, Currie & Hancock LLP
                                   Atlanta, GA

                                   Jeffrey L. Arnold, Esq.
                                   Andrew S. Johnson, Esq.
                                   Arnold, Stafford & Randolph
                                   Hinesville, GA

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                   Army Chief Trial Attorney
                                   LTC Eugene Y. Kim, JA
                                   MAJ Samuel E. Gregory, JA
                                   Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SCOTT
ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant Joe Phillips (Phillips) filed a timely motion for reconsideration from part of our decision in *Joe Phillips*, ASBCA No. 57280, 13 BCA ¶ 35,263, which sustained appellant's appeal, to the extent of $160,612.47, from the contracting officer's (CO's) denial of its $642,442 claim for the government's breach of appellant's firm fixed-price requirements contract to provide rental and servicing of portable chemical latrines (PCL) and portable handwash stations (PHWS) at Fort Stewart, Georgia, and surrounding areas. The government had conceded entitlement, leaving only quantum to be resolved.[1]

A motion for reconsideration must be based upon newly discovered evidence, allege mistakes in the Board's fact findings, or allege legal error. A motion for

---

[1]  Judge Eunice W. Thomas, who participated in the Board's decision, has retired.

reconsideration that restates arguments previously raised and considered by the Board will be denied. *Kellogg Brown & Root Services, Inc.*, ASBCA Nos. 57530, 58161, 13 BCA ¶ 35,379 at 173,599. Reconsideration is not granted without compelling reason, which the movant has the burden to establish. *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508; *Troy Eagle Group*, ASBCA No. 56447, 13 BCA ¶ 35,313. Appellant specifies four of the Board's fact findings that it claims were mistaken and contends that the Board committed legal error in its alleged acceptance of the government's computation of PCL and PHWS costs, and in its assessment of subcontractor costs, that affected the 79.5% profit appellant asserted it would have expected had the government not breached its requirements contract. The government disagrees and opposes reconsideration.

## FINDINGS OF FACT AT ISSUE

### (1) Finding 76

Our finding 76 stated:

> Again, the parties' evidence conflicts to the point that we are unable to make a precise finding. We find appellant's assumption that Mr. Phillips would have incurred no additional PCL and PHWS acquisition costs had he received the FOB [Forward Operating Base] work to be unreasonable. In the nature of a jury verdict, we find that additional PCL and PHWS costs would have been one-half of the government's $149,374.85 estimate (finding 75), or $74,687.43.

*Joe Phillips*, 13 BCA ¶ 35,263 at 173,097.

Appellant contends that:

> In Finding 76 the Board incorrectly overstates the estimated PCL and PHWS costs Phillips would incur to meet the additional PCL and PHWS requirements, where the evidence clearly shows that Phillips could have temporarily rented these units for much less than the cost that the government and the Board speculated it would cost Phillips....

(App. mot. at 2)

2

Our finding 76 was preceded by several relevant findings. They include the referenced finding 75, where we noted that appellant's accountant and claim consultant, Mr. Stafford, had not included any additional PCL or PHWS acquisition costs in his analysis of Mr. Phillips' costs had he performed the diverted contract work, and findings 70 and 72, where we noted that, despite the claims of the contractor, Mr. Phillips, and the individual we found to be his subcontractor, Mr. Freeman, that they "probably" could have borrowed the required PCL and PHWSs for free, and Mr. Phillips' testimony that he otherwise could have rented them at $25 per month, plus $6 transportation costs, appellant did not call any of the alleged providers to testify. Appellant also did not provide documentary evidence to support its alternative $25 cost contentions. Mr. Phillips' and Mr. Freeman's unsupported testimony, as interested parties, was not persuasive. *Joe Phillips*, 13 BCA ¶ 35,263 at 173,096-97.

Moreover, contrary to appellant's suggestion, we did not rely upon the government's evidence. We noted in finding 75 that Ms. Thomas, one of the government's analysts, had used internet research to determine PCL costs but, because those costs were higher than what appellant had charged the government under its requirements contract, she had used the lower contract pricing. Using a jury verdict, in finding 76, we accepted only one-half of the PCL and PHWS cost amount asserted by the government. *Joe Phillips*, 13 BCA ¶ 35,263 at 173,096-97. Appellant has not shown that we were mistaken in our finding 76.

(2) Finding 77

Our finding 77 stated:

> As we found above, for 2006, 2007 and 2008
> Mr. Phillips reported receipts of $595,858, $719,758 and
> $209,380, respectively, on Schedule C of his federal income
> tax returns. He included subcontract expenses of $224,764,
> $293,260 and $88,461, respectively. Fuel, supply and repair
> and maintenance expenses were listed separately on his
> returns, but not labor. Mr. Phillips' subcontractor,
> Mr. Freeman, was responsible for the labor portion of
> Contract No. 0015 and he paid the labor expenses as noted.
> We infer that a portion of the subcontractor expenses on
> Mr. Phillips' returns was attributable to labor expenses for
> which he reimbursed Mr. Freeman and other contract
> work-related expenses incurred by Mr. Freeman as reflected
> on Mr. Freeman's returns. We infer that the remainder of
> each subcontract expenses payment was Mr. Freeman's share
> of the profit Mr. Phillips had agreed to split with him. The

3

labor and other expenses included on Mr. Freeman's 2006 tax return were $89,847, leaving a balance of $134,917 ($224,764-$89,847) as the profit component of Mr. Phillips' subcontract expense payment to Mr. Freeman during 2006. The labor and other expenses included on Mr. Freeman's 2007 tax return were $100,750, leaving a balance of $192,510 ($293,260-$100,750) as the profit component of Mr. Phillips' subcontract expense payment to Mr. Freeman during 2007. The labor and other expenses included on Mr. Freeman's 2008 tax return were $30,646, leaving a balance of $57,815 ($88,461-$30,646) as the profit component of Mr. Phillips' subcontract expense payment to Mr. Freeman during 2008. (*See* findings 26-28) The total profit Mr. Phillips paid to Mr. Freeman during 2006-08 was $385,242 ($134,917+$192,510+$57,815). This represents 25.26% of the total $1,524,996 ($595,858+$719,758+$209,380) in revenue for 2006-08. Thus, we find that, of his revenues of $533,779.09 on the diverted contract work (finding 45), Mr. Phillips would have had to pay $134,832.60 ($533,779.09 x .2526) to Mr. Freeman as his share of profits. Mr. Phillips' additional subcontract expenses for labor and other costs, had he received the diverted FOB contract work, are accounted for elsewhere in our findings.

*Joe Phillips*, 13 BCA ¶ 35,263 at 173,097 (footnote omitted).

Appellant contends that, in finding 77, the Board overstated Mr. Phillips' estimated subcontractor costs to Mr. Freeman and because "the Board chose to treat Freeman as a subcontract expense, this estimated expense should have been considered as a cost to Phillips." Appellant adds that, for purposes of determining cost, the Board "calculated Freeman's contribution to the diverted requirements as a percentage of revenue" and that this alleged inconsistent treatment overstated Mr. Phillips' estimated costs. (App. mot. at 2) Appellant's complaint is unclear because, not only does it acknowledge that "evidence in the record supports a finding that Freeman was a subcontractor" (app. mot. at 15) but, as the government notes in its opposition to appellant's motion (gov't opp'n at 9), and as reflected in finding 77, the Board in fact treated the stated subcontracting costs as costs to the prime contractor, Mr. Phillips.

Contrary to appellant's further exposition of its argument (app. mot. at 16), and using the 2006 tax year as an example, total subcontract expenses to Mr. Phillips were $224,764. Of this, $89,847 was composed of labor and other expenses, and $134,917 was the profit payment Mr. Phillips owed to Mr. Freeman. The effect of the Board's

4

calculation was that Messrs. Phillips and Freeman split the contract profit, which is what they said they did. Appellant has not shown that we were mistaken in our finding 77.

### (3) Finding 82

Our total expenses summary finding 82 stated:

> In summary, contrary to Mr. Phillips' $158,833.74 cost estimate, we find that, had he performed the diverted FOB work, in addition to his Contract No. 0015 work, he would have incurred additional costs of more than $373,166.62 (labor, more than $53,732+fuel, more than $24,865.86+PCL supplies, $17,303.36+equipment repair and maintenance, at least $5,625+credit card discount, $16,013.38+truck costs, $15,640.91+PCL and PHWS acquisition, $74,687.43+profit share of subcontract expense, $134,832.60+G&A, $30,466.08 ($342,700.54 total of other expenses x 8.89%)[)]. (Findings 47, 53, 55, 57, 61, 62, 66, 76, 77, 81)

*Joe Phillips*, 13 BCA ¶ 35,263 at 173,098.

Appellant contends that in finding 82 the Board "multiplies its errors by again overstating estimated total expenses and then applying the overstated 8.89% G&A markup to the overstated amount resulting in an additional incorrect markup on the overstated portion of the estimated expenses" (app. mot. at 3). However, appellant later states that "Phillips does not dispute the Board's determination of estimated G&A expenses at 8.89% of all so-called direct expenses" (app. mot. at 17). In any event, appellant has not shown that we were mistaken in our finding 82.

### (4) Finding 87[2]

Our finding 87 states:

> The government's preferred method of applying Mr. Phillips' 26.75% average historical profit rate for 2006-08 to the $533,779.09 in anticipated gross revenues on the FOB contracts (finding 45) yields a profit of $142,785.91. When we follow appellant's method of computing profit, which is also the government's alternative method, we arrive

---

[2] Appellant mistakenly cites again to finding 82 but its discussion pertains to finding 87 (app. mot. at 3, ¶ B.).

5

at profit of $160,612.47 ($533,779.09 less $373,166.62 in estimated costs (finding 82)). This equates to a profit rate of 30.09% ($160,612.47/$533,779.09). Because we are persuaded that the diverted FOB contract work would have been somewhat more profitable for Mr. Phillips than his PCL/PHWS work on average (*see* findings 48, 85), we find that he has supported a profit award of $160,612.47.

*Joe Phillips*, 13 BCA ¶ 35,263 at 173,099.

Appellant contends that the profit amount cited in finding 87 should be revised due to the Board's alleged overstated cost calculations, and that appellant's claimed 79.5% profit, regarding work that was not performed, was not unreasonable. Appellant has not shown that we were mistaken in our finding 87.

Appellant proceeds to present cost and profit calculations that differ from those it presented at the hearing, now advocating that Mr. Phillips is entitled to profit at 56.56% of anticipated revenues, for a total of $301,935.60 (app. mot. at 18-20), rather than the 79.5% profit he originally claimed (which we computed based upon a percentage of revenue, as the parties had done; computed on a percentage of expense basis, it was 386.9% profit). *Joe Phillips*, 13 BCA ¶ 35,263 at 173,099 (finding 83), 173,101. This is appellant's belated attempt to reduce its unreasonable and unsupported profit claim to an amount that remains extraordinary and is not a ground for reconsideration.

Appellant contends that the Board committed legal error in allegedly relying upon evidence from the government, rather than from appellant, and thus violated a precept that any risk of uncertainty in calculating expectancy damages is assumed by the party whose wrongful conduct caused the damage. That is, the entity that breached a contract should not be permitted to benefit from its own wrong by insisting upon proof that, by reason of its breach, is unattainable. (App. mot. at 7) (Citations omitted) Here, the ability to present evidence corroborating its "no cost" or $25 monthly cost contentions, for example, was fully within appellant's control. The government's breach of its requirements contract did not affect appellant's ability to present probative evidence, which it failed to do.

Appellant notes that the Board employed a jury verdict in part in some of its findings and appears critical of this and what it describes as the Board's "speculation." However, in its post-hearing brief appellant itself advanced the jury verdict method as proper for the Board to use to determine Phillips' damages when the damage evidence was uncertain (app. br. at 46). The cases to which appellant cites that are critical of alleged unsupported speculation by tribunals in determining breach damages, *Tip Top*

*Construction, Inc. v. Donahoe*, 695 F.3d 1276 (Fed. Cir. 2012), and *SUFI Network Services, Inc. v. United States*, 108 Fed. Cl. 287 (2012), are not apt here.

We have reviewed all of appellant's allegations, whether or not we have mentioned them, and find no factual or legal errors in our prior opinion.

DECISION

We deny appellant's motion for reconsideration.

Dated: 21 April 2014

CHERYL L. SCOTT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 57280, Appeal of Joe Phillips, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals